UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| PRINCESS CROSS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF GARY, )<br>)<br>Defendant. ) | **2:24-cv-00181-PPS-AZ** |

## OPINION AND ORDER

Defendant, City of Gary, filed a motion to set aside the Clerk's entry of default. [DE 10.]  The City of Gary claims it never received notice of this lawsuit, and after it was notified about the Clerk's entry of default, it immediately filed a motion to set aside the default.  Although it appears that service was properly made by sending the complaint via certified mail to Mayor Eddie Melton (who is the Chief Executive Office of the City of Gary), the City appears to have potentially meritorious defenses, it did not willfully or carelessly ignore the service of process, it acted promptly after the Clerk entered default, and Gary has participated diligently in the litigation since then.  Therefore, the motion to set aside the clerk's entry of default [DE 10] is **GRANTED**.

### BACKGROUND

Princess Cross filed her complaint against Defendant City of Gary a/k/a Gary Police Department on May 24, 2024. [DE 1.]  Cross is a police officer with the Gary Police Department and she makes claims for violations of the Americans With Disabilities Act (ADA), the Pregnancy Discrimination Act of 1978 (PDA), the Pregnant

Workers Fairness Act of 2023 (PWFA), and Title VII of the Civil Rights Act of 1954 (Title VII). The complaint seeks to recover lost wages and benefits to Cross and compensatory damages. [DE 1 at 12.] On June 3, 2024, Cross mailed the complaint and summons by certified mail to Mayor Eddie Melton. [DE 5.] The parties agree that the Mayor is the Chief Executive Officer of the City of Gary. [DE 10 at 2; DE 11 at 1.] On June 10, 2024, there was an acknowledgment of service filed by Cross which stated service was "delivered to an individual" at 401 Broadway, Gary IN 46402. [DE 5 at 4.] There is no other identifying information about the person who accepted service.

No answer was filed by the City of Gary. On July 8, 2024, Cross filed a motion for Clerk's entry of default. [DE 7.] The Clerk entered default against Gary on July 9, 2024. [DE 8.] Later that same day, an attorney for the Gary Law Department that had previously represented the City of Gary in the underlying EEOC matter noticed the entry of default and contacted the Gary Law Department. [DE 10 at 1-2.] According to Defendant, this was the first real notice it received of the lawsuit. [DE 10 at 2.] Defendant filed the instant motion to set aside judgment the next day, on July 10, 2024. [DE 10.] In response, Cross said she was unwilling to enter into an agreed motion, but "is not raising any objection to Defendant's set aside motion." [DE 11 at 2.]

## DISCUSSION

Relief from entry of a default requested prior to entry of judgment is governed by Federal Rule of Civil Procedure 55(c) which provides that "[f]or good cause shown the court may set aside an entry of default . . . ." "Rule 55(c) requires 'good cause' for

2

the judicial action, not 'good cause' for the defendant's error." *Sims v. EGA Prods.*, 475 F.3d 865, 868 (7th Cir. 2007). The standard is essentially the same as that for vacating a default judgment under Rule 60(b); however, relief under Rule 55(c) is more readily granted, while the application of the test for relief under Rule 60(b) is "much more limited and stringent." *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994) (citation omitted); *see also* see also *Davis v. Hutchins*, 321 F.3d 641, 646 n.2 (7th Cir.2003); *Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir.1994). In the Seventh Circuit, "[a] party seeking to vacate an entry of default prior to the entry of final judgment must show: (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630 (7th Cir. 2009) (internal quotation marks and citations omitted). Disposition on the merits is preferable to default. *Id.* at 631.

In its motion, the City of Gary argues it did not have actual notice of the summons and complaint, and implies that service was inappropriate because the complaint was simply left with an unidentified individual. [DE 10 at 1-2.] Service was proper under Rule 4 since the letter and summons were sent to Mayor Melton by certified mail, as the Chief Executive Officer on behalf of the Defendant City of Gary. *See* Fed. R. Civ. P. 4(j). It is not the responsibility of the Plaintiff to make sure the complaint then properly makes its way to the correct interior office at the City of Gary. However, the City of Gary has shown that it has several potentially meritorious defenses, including its claims that Cross never sought reasonable accommodations for

3

her alleged disabilities, she was not eligible for the promotions and benefits she alleges she was denied, she never suffered any adverse employment actions, and her medical information was not disclosed to any improper parties by the City of Gary. [DE 10 at 3.] Gary has also shown that it acted quickly to correct the situation, responding to the Clerk's entry of default within just one day. Since then, they have also participated diligently in the litigation.

Although service was proper, I still find there is good cause to set aside the entry of default because the record does not reflect a willful disregard of the lawsuit. *Cracco*, 559 F.3d at 631. For whatever reason, the legal department for the City of Gary did not receive notice of the lawsuit even though the complaint was properly served by certified mail to the Gary Mayor. While I certainly don't condone such inadvertence, it does not seem intentional or willful, and mistakes do happen occasionally. Additionally, "[t]his Circuit has a well established policy favoring a trial on the merits over a default judgment." *Sun v. Bd. of Trs. of Univ. of Ill.*, 473 F.3d 799, 811 (7th Cir. 2007) (citation omitted).

Furthermore, allowing this case to proceed on the merits does not unfairly prejudice any party. There has been only a slight delay at the beginning of this case and it involves questions of fact that should be answered at trial, not avoided through the default process. Accordingly, I find that there is good cause to set aside the clerk's entry of default.

4

## CONCLUSION

I find that there is good cause to set aside the Clerk's entry of default. Therefore I **GRANT** the Motion to Set Aside Judgment against Defendant City of Gary a/k/a Gary Police Department. [DE 10.] The default entered on July 9, 2024 [DE 8] is HEREBY SET ASIDE pursuant to Federal Rule of Civil Procedure 55(c). Defendant has 21 days in which to file a responsive pleading.

SO ORDERED.

ENTERED: August 14, 2024.        /s/ Philip P. Simon
                                 PHILIP P. SIMON, JUDGE
                                 UNITED STATES DISTRICT COURT